**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>for the use and benefit of )<br>AAROW EQUIPMENT & SERVICES, INC. )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>TRAVELERS CASUALTY AND SURETY )<br>COMPANY OF AMERICA )<br>  )<br>  Defendant. )<br>  ) | Case No. 1:09cv861 |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant, Travelers Casualty and Surety Company of America ("Travelers") and for its Answer and Affirmative Defenses to Aarow Equipment & Services, Inc.'s ("Aarow") Complaint states as follows.

1. The allegations contained in Paragraph 1 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

2. Travelers is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of the Complaint and therefore denies the allegations and demands strict proof thereof.

3. Travelers admits that it is a Connecticut corporation engaged in the business of issuing surety bonds and that it is authorized to transact business in Virginia. Travelers denies the remaining allegations contained in Paragraph 3.

1

## COUNT I

4. The allegations in Paragraph 4 replead the allegations contained in Paragraphs 1 through 3 of the Complaint and therefore no response is required. To the extent that a response is deemed necessary, Travelers denies the allegations set forth in Paragraph 4 of Aarow's Complaint.

5. Travelers is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of the Complaint and therefore denies the allegations and demands strict proof thereof. Travelers states further that the alleged contract mentioned in Paragraph 5 speaks for itself and is the best evidence thereof.

6. Travelers is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of the Complaint and therefore denies the allegations and demands strict proof thereof.

7. Travelers is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of the Complaint and therefore denies the allegations and demands strict proof thereof. Travelers states further that the alleged contract mentioned in Paragraph 7 speaks for itself and is the best evidence thereof.

8. Travelers is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of the Complaint and therefore denies the allegations and demands strict proof thereof.

9. Travelers is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of the Complaint and therefore denies the allegations and demands strict proof thereof.

10. Travelers is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore denies the allegations and demands strict proof thereof.

11. Travelers is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Complaint and therefore denies the allegations and demands strict proof thereof.

12. Travelers is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Complaint and therefore denies the allegations and demands strict proof thereof.

13. Travelers is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the Complaint and therefore denies the allegations and demands strict proof thereof.

14. Travelers is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Complaint and therefore denies the allegations and demands strict proof thereof.

15. Travelers admits that Aarow attached a document to its Complaint which Aarow identified as Exhibit A. Travelers is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 15 of the Complaint, including Aarow's allegation that Exhibit A is a "true and accurate" accounting of invoices and payments. Travelers therefore denies the allegations and demands strict proof thereof.

16. Travelers admits that Aarow attached a document to its Complaint which Aarow identified as Exhibit B. Travelers is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 16 of the Complaint, including Aarow's

allegation that Exhibit B is a complete copy of Payment Application No. 20. Travelers therefore denies the allegations and demands strict proof thereof.

17. Travelers is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of the Complaint and therefore denies the allegations and demands strict proof thereof.

18. Travelers is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of the Complaint and therefore denies the allegations and demands strict proof thereof.

19. Travelers admits the allegation in Paragraph 19 that it executed a payment bond naming Syska Hennessy Group Construction, Inc. ("Syska") as the principal. The remainder of Aarow's allegations in Paragraph 19 contain legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied. Travelers states further that the Payment Bond mentioned in Paragraph 19 speaks for itself and is the best evidence thereof.

20. Travelers admits that Aarow attached a document to its Complaint which Aarow identified as Exhibit C. Travelers admits that Exhibit C is a copy of Travelers Payment Bond No. 104927612. Travelers denies the remaining allegations contained in Paragraph 20.

21. Travelers admits that it executed a payment bond naming Syska the principal and that Exhibit C is a copy of that Bond. Travelers denies all further allegations in Paragraph 21 of the Complaint. Travelers states further that the Payment Bond mentioned in Paragraph 21 speaks for itself and is the best evidence thereof.

22. The allegations contained in Paragraph 22 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed necessary, the

allegations are denied.

23. The allegations contained in Paragraph 23 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

24. The allegations contained in Paragraph 24 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

25. Travelers is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 of the Complaint and therefore denies the allegations and demands strict proof thereof.

26. The allegations contained in Paragraph 26 of the Complaint contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

27. Travelers is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27 of the Complaint and therefore denies the allegations and demands strict proof thereof.

28. Travelers denies the allegations contained in Paragraph 28 of the Complaint.

## **AFFIRMATIVE DEFENSES**

Defendant Travelers raises each of the following affirmative defenses to the Complaint:

1. The claims alleged in Aarow's Complaint fail to state a claim against Travelers upon which relief can be granted.

2. Aarow has been paid in full for all work it has performed under the Subcontract Agreement.

3. Travelers fully performed all of its obligations under the Bond.

4. Travelers at all times acted in good faith toward Aarow with regard to the Bond.

5. Aarow's Complaint is barred by the doctrines of waiver and estoppel.

6. Aarow's Complaint is barred by the doctrine of release.

7. Aarow's Complaint is barred by the doctrine of laches.

8. Aarow's Complaint is barred by the express terms of the Bond.

9. Aarow is precluded from recovering damages because of its own acts or omissions or the acts or omissions of others besides Travelers.

10. Aarow's Complaint is barred by prior breach.

11. Aarow's Complaint is barred by the doctrines of setoff and recoupment.

12. Aarow's Complaint is barred by the doctrine of accord and satisfaction.

13. Aarow's Complaint is barred by collateral estoppel.

14. Aarow's Complaint is barred due to lack of or failure of consideration.

15. Aarow's Complaint is barred by the statute of frauds.

16. Aarow's Complaint is barred by Aarow's failure to give proper notice to Travelers of Syska's alleged failure to pay Aarow.

17. Aarow is barred by Aarow's failure to satisfy the conditions precedent to recover under the Bond or applicable law.

18. Travelers asserts all defenses of its principal, Syska, to which Travelers is equitably subrogated.

19. Travelers reserves the right to assert any and all allegations and causes of action that may be set forth by its principal, Syska, as counterclaims against Aarow.

20. Travelers reserves the right to assert further affirmative defenses as they may

develop during discovery.

WHEREFORE, for the foregoing reasons, Travelers respectfully requests that this Court dismiss Aarow's Complaint, enter judgment for Travelers and grant Travelers all additional relief that the Court deems just and proper.

Dated: August 25, 2009.

                              Respectfully submitted,

                              _____/s/_____
                              Carter B. Reid
                              VA Bar No. 27192
                              James D. Coleman
                              VA Bar No. 70907
                              WATT, TIEDER, HOFFAR
                               & FITZGERALD, L.L.P.
                              8405 Greensboro Drive
                              Suite 100
                              McLean, Virginia 22102
                              Tel: (703) 749-1000
                              Fax: (703) 893-8029
                              creid@WTHF.com
                              jcoleman@WTHF.com
                              *Attorneys for Defendant Travelers Casualty and Surety Company of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Eugene Andrew Burcher
>WALSH COLUCCI LUBELEY EMRICH & WALSH PC
>4310 Prince William Parkway
>Suite 300
>Prince William, VA 22192
>Tel: 703-680-4664
>Fax: 703-680-2161
>eaburcher@thelandlawyers.com
>Counsel for Aarow Equipment & Services, Co.

>\_\_\_\_\_/s/_____
>James D. Coleman
>VA Bar No. 70907
>WATT, TIEDER, HOFFAR
> & FITZGERALD, L.L.P.
>8405 Greensboro Drive
>Suite 100
>McLean, Virginia 22102
>Tel: (703) 749-1000
>Fax: (703) 893-8029
>jcoleman@WTHF.com
>*Attorney for Defendant Travelers Casualty and Surety Company of America*