**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**for the use and benefit of**<br>**AAROW EQUIPMENT SERVICES, INC.,**<br><br>    Plaintiff,<br><br>v.<br><br>**TRAVELERS CASUALTY AND SURETY**<br>**COMPANY OF AMERICA,**<br><br>    Defendant. | Case No. 1:09cv861 (AJT/TCB) |

**PLAINTIFF'S OPPOSITON TO DEFENDANT'S MOTION TO SUPPLEMENT ITS
MOTION FOR SUMMARY JUDGMENT**

COMES NOW PLAINTIFF, by counsel, and responds to Defendant's Motion for Leave to Supplement Traveler's Motion for Summary Judgment and states the following:

**RESPONSE**

Defendant's request to supplement its Motion for Summary Judgment should be denied. For the following reasons, the case of *Universal Concrete Products Corp. v. Turner Constr. Comp.*, No. 09-1569, __ F.3d __, 2010, 2010 U.S. App. Lexis 3279 (4th Cir. Feb. 19, 2010), provides no new law to the issues before the court on summary judgment:

First, *Universal Concrete* provides no new substantive law on the legal issues and is fact specific to the parties to the contract in that case. For this reason alone, Defendant's motion should be denied because *Universal Concrete* is not new case law and the Defendant's motion is just another attempt at briefing for its summary judgment motion.

Second, *Universal Concrete* is not a Miller Act claim as is the case at bar. *Universal Concrete* is also not a claim against a surety as is the case at bar and as previously pointed out to the Court, a surety may not rely on a pay-when-paid clause as a defense to a bond claim. The more applicable cases to the issues before the Court are *Moore Brothers Co. v. Brown & Root, Inc.*, 207 F.3d 717 (4th Cir. 2000) and *Acoustical Concepts, Inc. v. Travelers Cas. and Sur. Co.*, 635 F.Supp.2d 434 (E.D. Va. 2009). "[G]eneral principles of suretyship law that conflict with the Miller Act's terms *and purpose* must give way to the Act." *Acoustical Concepts* 635 F.Supp.2d at 437 *emphasis added* (citing and quoting *United States ex rel. Walton Tech., Inc. v. Weststar Eng'g, Inc.*, 209 F.3d 1199, 1208 (9th Cir. 2002) "The liability of a surety and its principal on a Miller Act payment bond is coextensive with the contractual liability of the principal only to the extent that it is consistent with the rights and obligations created under the Miller Act."). *Id.*

Third, even if the Court believes that *Universal Concrete* is relevant to the issues before it and is a proper supplementation as opposed rearguing issues already briefed, it does not make summary judgment for the Defendant appropriate because the payment bond in the case at bar is in no way explicitly clear that it entitles the Defendant to rely on a pay-when-paid clause in defending payment bond claims. *See* Exhibit C to the Complaint. It cannot be contested that the Defendant did not expressly incorporate the pay-when-paid sub-contract language into the language of the payment bond. The Fourth Circuit has held that, under Virginia law, a surety may not "assert the principal's defense based on pay-when-paid language in the subcontract, where the surety did not expressly incorporate the pay-when-paid language into the contract payment bond." *Moore Brother,* 207 F.3d at 723.

Finally, *Universal Concrete* does not change the "Prevention Doctrine" precedent that if the general contractor is culpable in the basis for the owner not paying, it is not entitled to rely on

a pay-when-paid clause. *See Moore Brothers*, 207 F.3d 724-725. In the case at bar, there is sufficient evidence, when viewed in the light most favorable to the Plaintiff, that the general contractor was culpable for the owner not paying. This is a factual question that must be answered by the Court by evidence presented at trial. *See Aarow Opposition to Defendant's Summary Judgment Motion* pages 3-6. The general contractor in this matter, Syska, is culpable for Aarow not being paid because it failed to obtain appropriate change orders for the pond work and to timely submit Aarow's invoices. It is these actions of Syska that result in the back-charges by the owner. These facts are clearly identified in Plaintiff's Opposition to Defendant's Motion for Summary Judgment. Accordingly, summary judgment is inappropriate.

For the above reasons, the Defendant's Motion should be denied and furthermore, the Defendant's Motion for Summary Judgment should be denied and this matter should be set for trial.

Dated:  February 26, 2010

        Respectfully Submitted,
        WALSH, COLUCCI, LUBELEY,
        EMRICH & WALSH, P.C.

        /s/ E. Andrew Burcher
        E. Andrew Burcher, VSB #41310
        Michael Kalish, VSB #73090
        Attorneys for Plaintiff
        4310 Prince William Parkway, Suite 300
        Prince William, VA 22192
        Phone: (703) 680-4664
        Fax:  (703) 680-2161
        eaburcher@thelandlawyers.com
        mkalish@pw.thelandlayers.com

**CERTIFICATE OF SERVICE**

     I, E. Andrew Burcher, hereby certify that on the 26th day of February, 2010, I filed the foregoing using the CM/ECF system which will send a notice of electronic filing through the Court's electronic filing systems to counsel for the Defendant as follows:

>Carter B. Reid, Esq.
>James D. Coleman, Esq.
>WATT, TIEDER, HOFFAR
>& FITZGERALD, L.L.P.
>8405 Greensboro Drive, Suite 100
>McLean, Virginia 22102
>Tel: (703) 749-1000
>Fax: (703) 893-8029
>creid@WTHF.com
>jcoleman@WTHF.com
>*Attorneys for Defendant*

>>/s/ E. Andrew Burcher
>>Counsel